**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

EXHIBIT 1

THE BABYLON BEE, LLC,

Plaintiff,

v.

CELIA FOY CASTILLO, in her official capacity as chair of the State Ethics Commission; JEFF BAKER, in his official capacity as member of the State Ethics Commission; STUART M. BLUESTONE, in his official capacity as member of the State Ethics Commission; GARY CLINGMAN, in his official capacity as member of the State Ethics Commission; KASANDRA GANDARA, in her official capacity as member of the State Ethics Commission; TERRY MCMILLAN, in his official capacity as member of the State Ethics Commission; and JUDY VILLANUEVA, in her official capacity as member of the State Ethics Commission,

Defendants.

No. 1:26-cv-02628-LF-JFR

**DECLARATION OF AMELIA BIERLE**

I, Amelia Bierle, declare as follows:

1. I am over the age of 18 and am competent to make this declaration.

2. The facts in this declaration are within my personal knowledge and are true and correct. If called to testify, I will testify competently to these facts.

3. I am the Deputy Director for the New Mexico State Ethics Commission. I am also the Commission's Public Information Officer. I have served in both of these roles since August 19, 2024.

4. As the Deputy Director and Public Information Officer for the New Mexico State Ethics Commission, I am familiar with the Commission's Proceeding Portal, the web-based case management and docketing system whereby the Commission holds records related to third-party administrative complaints that are filed with the Commission and whistleblower-type informal complaints that are submitted to the Commission.

5. As the Deputy Director and Public Information Officer for the New Mexico State Ethics Commission, I am familiar with the Commission's recordkeeping practices and the methods used to identify, locate, and retrieve records maintained by the Commission. This includes records that are associated with administrative cases, informal complaints submitted to the Commission, and civil actions that the Commission has filed in New Mexico district court.

6. As the Deputy Director and Public Information Officer for the New Mexico State Ethics Commission, I am familiar with the Commission's authorizations of civil enforcement actions and with the civil actions that the Commission has filed in New Mexico district court.

7. As the Deputy Director and Public Information Officer for the New Mexico State Ethics Commission, I am familiar with the Commission's statements to the press and to the public regarding the agency's work, as well as the Commission's submissions to budgetary agencies, including the Commission's budget requests, strategic plans, and annual reports, submitted to the New Mexico Legislature, the Governor, the Legislative Finance Committee, and the Department of Finance and Administration.

8. I have thoroughly reviewed the Commission's Proceedings Portal and the Commission's records, searching for any instance where a third-party has alleged a violation of the AI-disclaimer provisions of Section 1-19-26.4 of the Campaign Reporting Act, including Subsections 1-19-26.4(D) through (G), and for any instance in which the Commission has taken

an administrative or enforcement action against, or in regards to, any person for alleged violations of the AI-disclaimer provisions of Section 1-19-26.4 of the Campaign Reporting Act, including Subsections 1-19-26.4(D) through (G).

9. Based upon my review, the Commission has never been asked to consider authorizing a civil action to enforce the AI-disclaimer provisions of Section 1-19-26.4 of the Campaign Reporting Act, including Subsections 1-19-26.4(D) through (G), based on allegations received in a whistleblower submission, an informal complaint, or otherwise.

10. Based upon my review, the Commission has never authorized a civil action to remedy a violation of the AI-disclaimer provisions of Section 1-19-26.4 of the Campaign Reporting Act, including Subsections 1-19-26.4(D) through (G), and the Commission has never filed a civil action to remedy a violation of the AI-disclaimer provisions of Section 1-19-26.4 of the Campaign Reporting Act, including Subsections 1-19-26.4(D) through (G).

11. Based upon my review, the Commission has never sought the leave of a court to issue a subpoena to investigate alleged violations of Section 1-19-26.4 of the Campaign Reporting Act, including Subsections 1-19-26.4(D) through (G).

12. Based upon my review, the Commission has never received any administrative complaint alleging a violation of the AI-disclaimer provisions of Section 1-19-26.4 of the Campaign Reporting Act, including Subsections 1-19-26.4(D) through (G), and no member of the Commission's staff has ever taken administrative action in relation to a complaint alleging a violation of the AI-disclaimer provisions of Section 1-19-26.4 of the Campaign Reporting Act, including Subsections 1-19-26.4(D) through (G), including a jurisdictional determination, notices to the parties, or a referral to the Secretary of State to seek voluntary compliance.

13. I have also thoroughly reviewed the Commission's press releases, statements to the public, budget requests, strategic plans, and annual reports, searching for the Commission's representations about the AI-disclaimer provisions of Section 1-19-26.4 of the Campaign Reporting Act, including Subsections 1-19-26.4(D) through (G). Based upon my review, the Commission has never represented that it has enforced, was enforcing, or intended or planned to enforce the AI-disclaimer provisions of Section 1-19-26.4 of the Campaign Reporting Act, including Subsections 1-19-26.4(D) through (G), as against any person, including against any person based on satirical or parodic content.

14. Further declarant sayeth nought.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on August 26, 2026, in Albuquerque, New Mexico.

Amelia Bierle